HERBERT L. RICE, J.
T. B. HEISEL, J.

———•———

FREDERICK T. WARRINGTON *vs.* EVIN C. REESE.

1. CONTRACTS—WHAT CONSTITUTES A CONTRACT.
   A "contract" is an accepted offer for a sufficient consideration to do a particular thing.

2. SALES—IMPLIED WARRANTY OF FITNESS.
   The seller of tomatoes being informed that they were to be used for canning, there is an implied warranty of their reasonable fitness for that purpose.

(*April* 17, 1919.)

Statement—Charge.

RICE and HEISEL, J. J., sitting.
*Howard J. Cooke* and *James M. Tunnell* for plaintiff.
*William M. Hope* (of the Kent County Bar) and *Robert G. Houston* for defendant.
Superior Court for Sussex County, April Term, 1919.

SUMS, CASE, No. 24, October Term, 1917.
Action by Frederick T. Warrington against Evin C. Reese, to recover price of tomatoes sold. Verdict for plaintiff.

At the beginning of the trial, the defendant paid into court two hundred and sixty-nine dollars and forty-five cents, the amount admitted to be due in the case, with interest; also the costs of the case, thirty-eight dollars and fourteen cents.

The facts appear in the charge of the court.

RICE, J., charging the jury:—In this action, Frederick T. Warrington, the plaintiff, seeks to recover from Evin C. Reese, the defendant, the purchase price of a carload of tomatoes which he sold to the defendant.

The plaintiff claims that on Friday, September twenty-first, 1917, he sold the defendant a carload of tomatoes, containing six hundred and eighteen baskets, at an agreed price of eighty cents per basket, the tomatoes to be delivered to the defendant on board the car at Georgetown, consigned to the defendant at Harrington; that the tomatoes were delivered by him to the defendant, but the defendant refuses to pay for the same at the agreed price.

The defendant does not deny that he contracted with the plaintiff for a carload of tomatoes, or that the plaintiff shipped him the same; but he claims that under the terms of the agreement the tomatoes were to be "of a good stock, in good condition for canning purposes"; that the car in which they were shipped was "to be shelved." He also claims he advised the plaintiff, at the time the tomatoes were contracted for, that he wanted the tomatoes for use on the following Monday. It is claimed by the defendant that the tomatoes delivered to him by the plaintiff were in a very bad condition, that they were small, and many

green, and about half of the tomatoes received from the plaintiff were unfit for canning purposes; that when he saw the tomatoes in the car at Harrington, he called the plaintiff over the phone and informed him that he could not receive the tomatoes on account of their "poor condition."

He claims that, at that time, the plaintiff told him to go ahead and use as many as he could, and he, the plaintiff, would make it all right. Pursuant thereto, he used three hundred and six baskets of the tomatoes and could not use the remainder. The defendant admits that he owes the plaintiff for the tomatoes he received from the plaintiff and used, and is ready and willing to pay for the same at eighty cents per basket.

The plaintiff denies that he agreed with the defendant that the tomatoes were to be of good stock, or that the car in which they were shipped was to be shelved, or that the defendant told him the tomatoes were to be used on the following Monday. He also denies that he told the defendant to use as many of the tomatoes as were fit for use, and that he would make it right with the defendant. He contends that at the time the contract for the sale of the tomatoes was made, he told the defendant that "the tomatoes were such as he might expect at this time of the season."

It is necessary for you to determine in this case the terms of the contract between the plaintiff and the defendant for the sale of the tomatoes in question. Were the terms of the contract as claimed by the plaintiff or were they as claimed by the defendant?

[1]  A contract has been defined to be "an agreement between two or more persons, upon sufficient consideration, to do or not to do a particular thing." In other words, a contract is where one party, for a sufficient consideration, offers to do or not to do a particular thing, and there must be an acceptance by the other party of that offer, and this offer and acceptance must be equally binding upon both parties to the agreement, and must be to do or not to do a particular thing.

[2]  If the contract with respect to the sale of the tomatoes was as claimed by the plaintiff, nevertheless, if the plaintiff was informed by the defendant that the tomatoes were to be used

by the defendant for canning purposes, there was an implied warranty on the part of the plaintiff that they would be reasonably fit for the purpose for which they were sold.

If you should find from the evidence that the plaintiff delivered to the defendant the carload of tomatoes, of the quality and in the condition agreed upon, and the defendant received the same, the plaintiff would be entitled to a recovery in this action for the tomatoes sold, and at the price agreed upon.

If, however, you should find from the evidence that the tomatoes delivered by the plaintiff were not of the quality, in the condition, or loaded in the manner agreed upon. then the defendant had the right to refuse to receive the same, and for such refusal he could not be held liable for the purchase price of the tomatoes.

If you should find that the tomatoes were not of the quality, or in the condition agreed upon between the parties, and you should further find that by reason thereof the defendant refused to receive the same, and so informed the plaintiff, and that a new agreement was thereupon entered into between the plaintiff and the defendant, to the effect that the defendant was to receive the tomatoes in their present condition and to use only so many as he found in a condition fit for use, then and in that event, the defendant would only be liable for the tomatoes accepted and used by him, or, in other words, his liability in such event would be fixed by the terms of the new contract, if there was a new contract, with respect to the sale of the tomatoes, entered into between the parties subsequent to the making of the original contract.

The defendant admits that he owes the plaintiff for three hundred and six baskets of tomatoes at the price of eighty cents per basket, with interest from the twenty-first day of September, 1917, amounting in the aggregate to the sum of two hundred and sixty-nine dollars and forty-five cents, and it is your duty to find a verdict in favor of the plaintiff for at least that amount, and, if you should believe from the evidence that by reason of the sale of the tomatoes in question the defendant is further indebted to the plaintiff, then your verdict should be for the plaintiff in

the total amount of indebtedness resulting from the sale of the tomatoes in question.

If you should believe from the evidence that the defendant is not indebted to the plaintiff in any amount, in addition to the amount admitted by the defendant to be due from him to the plaintiff, then your verdict should be in favor of the plaintiff for the sum of two hundred and sixty-nine dollars and forty-five cents only.

\*          \*          \*          \*          \*          \*          \*          \*

Verdict for the plaintiff for the full claim.